UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. SAFFADY, individually
and in his official capacity,
TINDALL & COMPANY P.C., and
MICHAEL E. TINDALL,
individually and in his official capacity,

       Plaintiffs,

vs.

Case No. 07-CV-12347
HON. GEORGE CARAM STEEH

DONALD and DONNA DUNN,
GEORGE B. DONNINI, DAVID D. BLACK,
BUTZEL LONG, and
BLACK, BLACK & BLACK,

       Defendants.

_____/

ORDER GRANTING IN PART BUTZEL LONG'S AND DONNINI'S
RENEWED MOTION TO DISMISS (# 67),
GRANTING IN PART BLACK'S, DUNNS', AND BLACK, BLACK & BLACK'S
MOTION TO DISMISS (# 66);
DISMISSING PLAINTIFFS' FEDERAL CLAIMS AS ALLEGED
IN COUNTS I, II, AND III WITH PREJUDICE; AND
DISMISSING PLAINTIFFS' STATE CLAIMS AS ALLEGED IN COUNTS IV AND V
AND PLAINTIFFS' CROSS-COMPLAINT WITHOUT PREJUDICE

    Defendants Butzel Long and George Donnini move to dismiss the complaint of plaintiffs Gregory Saffady, Tindall & Company P.C., and Michael Tindall. Defendants Donald and Donna Dunn, David Black, and Black, Black & Black move to dismiss the complaint, and the cross-complaint filed by Saffady on behalf of Donald and Donna Dunn. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

I.

Donald and Donna Dunn sued Michael and Nancy Savage, and others, in <u>Dunn v. Savage</u>, 04-75061 (E.D. Mich. 2004) under 42 U.S.C. § 1983 relative to a retaining wall running along a shared property line.  The case was assigned to Federal District Judge Corbett O'Meara.  The Dunns were initially represented by <u>inter alia</u> Attorney Bernard Jocuns of Black, Black, & Black.  The Savages were represented by Attorney Michael Tindal and Tindall & Company P.C..  The Savages filed a counterclaim of illegal dumping against the Dunns under 42 U.S.C. § 9607 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").  On September 6, 2005, summary judgment entered in favor of the Savages as to the Dunns' § 1983 claims, accompanied by an award of $14,706.00 in sanctions.  A docket minute entry conveys that summary judgment entered on November 3, 2005 in favor of the Savages on their CERCLA counterclaim.  On December 11, 2005, Judge O'Meara entered an order appointing Gregory Saffady as a receiver ("Federal Receiver Order") to enforce and collect upon the September 6, 2005 and November 3, 2005 judgments.  Attorney George Donnini and the Butzel Long firm filed their appearance on behalf of the Dunns on January 18, 2006.  A second docket minute entry shows that, following a January 19, 2006 show cause hearing, Judge O'Meara set aside the November 3, 2005 summary judgment order and dissolved the Federal Receiver Order.  An order to that effect entered on February 14, 2006.  The parties filed cross appeals on March 6, 2006.

Saffady, Attorney Tindall, and Tindall & Company P.C. filed the instant lawsuit on May 13, 2007 against the Dunns, Attorney Donnini, the firm Butzel Long, Attorney David Black, and the firm Black, Black & Black.  Plaintiffs allege that Saffady took possession of

certain assets of the Dunns between December 22, 2005 and January 18, 2006 pursuant to the Federal Receiver Order.  Plaintiffs allege that Attorney Donnini and his firm filed an appearance in federal court on January 18, 2006 on behalf of the Dunns (presumably in Case No. 04-75061) as co-counsel with Attorney Black and his firm Black, Black & Black.  Plaintiffs allege Attorney Donnini and Butzel Long were actually retained by Attorney Black and his firm to protect against claims of malpractice by the Dunns.  Plaintiffs allege Attorney Donnini and Butzel Long did likewise in a state court proceeding out of Sanilac County on February 2, 2006, and initiated civil contempt allegations in state court on May 14, 2007 to gain control of the assets seized by Saffady under the Federal Receiver Order.  Plaintiffs allege the defendants took these actions in state and federal court knowing that the Federal Receiver Order contained the following "blanket stay" provision:

> [E]xcept by leave of this Court, during the pendency of the receivership ordered herein, the Counter Defendants [Dunn], and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of the Counter Defendants [Dunn], the Receiver [Saffady], receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:
>
> A.  Commencing, prosecuting, litigating, or enforcing any suit or other legal or reorganization proceeding of any kind whatsoever, other than proceedings in this matter before the court.

Case No. 04-75061, December 21, 2005 Order Appointing Receiver, at 6.

Plaintiffs allege in Count I that the "Barton Doctrine" bars the defendants from taking any legal action against Receiver Saffady without first obtaining permission from appointing Judge O'Meara.  Plaintiffs allege Receiver Saffady has incurred costs and expenses exceeding $200,000.00 in responding to the unauthorized actions taken by the defendants in state and federal court, and that the plaintiffs are entitled to recover in indemnity.  Count

II seeks declaratory and permanent injunctive relief declaring that the defendants' actions violated the Federal Receiver Order and federal law.  Count III alleges an unlawful conspiracy among the defendants, actionable under 42 U.S.C. § 1985, to interfere with Saffady's duties as a receiver appointed by a federal district judge.  Counts IV and V, respectively, allege abuse of process and malicious prosecution with respect to the state court proceedings and civil contempt allegations.

Plaintiff Saffady, allegedly acting as a "Federal Court Appointed Receiver," filed a cross-complaint on behalf of the defendants Dunns on June 27, 2007 against Attorney Donnini and Butzel Long, and Attorney Black and Black, Black & Black, alleging legal malpractice, fraud, misrepresentation, deceit, negligent and intentional infliction of emotional distress, and indemnity/contribution.  The claims are premised on the actions taken by these defendants in state and federal court as legal counsel for the Dunns.

Pursuant to a February 28, 2008 Stipulated Order, this matter was administratively closed and held in abeyance pending the Sixth Circuit's decision in Case No. 04-75061. On April 22, 2008, a panel of the Sixth Circuit issued its ruling, finding it lacked appellate jurisdiction to review Judge O'Meara's orders setting aside summary judgment and dissolving the Federal Receiver Order.  In re Saffady, 524 F.3d 799, 802 (6th Cir. 2008). In reaching that conclusion, two of the three Circuit Court Judges rejected a common law exception to the final order rule, reasoning that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." Id at 803 (quoting Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)).  This

case was reopened on January 28, 2009[1].

## II.

Defendants Attorney Donnini and Butzel Long move to dismiss Counts I and II of the complaint alleging violation of the Barton Doctrine and seeking declaratory and injunctive relief for alleged violations of the Federal Receiver Order and federal law arguing all of the alleged acts underlying these claims were performed after Judge O'Meara vacated the Federal Receiver Order on January 19, 2006. Donnini and Butzel Long also argue the state court records show that they did not initiate any actions against Saffady as a receiver, but instead filed an objection to Attorney Tindall's January 20, 2006 garnishment of receivership assets for the benefit of the Savages. Attorney Donnini and Butzel Long continue that they are entitled to dismissal of the plaintiffs' 42 U.S.C. § 1985 conspiracy claim as alleged in Count III in the absence of factual allegations that plausibly support a deprivation of a federal civil right, an agreement to engage in unlawful conduct, or an interference with a federal officer. Attorney Donnini and Butzel Long assert they are entitled to dismissal of plaintiffs' state law claims of abuse of process as alleged in Count IV absent factual allegations that plausibly support an irregular act in the use of process, an act which corroborates an improper motive, or an act outside the normal use of process. Donnini and Butzel Long argue that Count V alleging malicious prosecution should be dismissed because the alleged facts do not include an applicable proceeding decided in the plaintiffs' favor, an absence of probable cause for any of the proceedings, or a requisite "special injury."

---

[1] On March 6, 2009, a notice of the February 26, 2009 death of Donald Dunn was filed with the court.

Defendants Dunns, Attorney Black, and Black, Black & Black move to dismiss Counts I-V of the complaint, echoing the arguments advanced by Attorney Donnini and Butzel Long, and maintaining that all of the actions taken after Judge O'Meara vacated the Federal Receiver Order on January 19, 2006 were entirely proper. As to the cross-complaint, the defendants assert that Saffady and his counsel Attorney Tindall and Tindall & Company P.C. lack authority to pursue any such claims on behalf of the Dunns.

In a "Combined Response" to the motions to dismiss, plaintiffs argue that Judge O'Meara lacked authority to set aside the Federal Receiver Order, and therefore the Federal Receiver Order remains in effect. Plaintiffs argue that the Sixth Circuit opinion in In re Saffady, supra, addressed only that part of Judge O'Meara's February 14, 2006 order setting aside summary judgment, not his Order dissolving the Federal Receiver Order, which plaintiffs argue is a matter of Michigan law. Plaintiffs assert that the Federal Receiver Order was a "final order." Plaintiffs continue that the defendants were on notice by the wording of the December 21, 2005 Federal Receiver Order that their subsequent actions in state and federal court violated the Order and the Barton Doctrine. Plaintiffs argue in the alternative that Judge O'Meara's rulings from the bench at the January 19, 2009 show cause hearing did not take effect until entry of the written February 14, 2006 Order, and that the defendants alleged acts in state court preceded that Order. Plaintiffs further assert that, independent of the continuing affect of the Federal Receiver Order, federal jurisdiction continued in the res seized by Saffady, and thereby precluded any other court from exercising jurisdiction over the property unless it received permission from Judge O'Meara. Plaintiffs maintain that the defendants' actions in opposing the state garnishment proceeding constituted the "initiation" and "continuation" of proceedings envisioned under

6

the blanket stay provisions of the Federal Receiver Order. Plaintiffs argue that the complaint alleges sufficient facts on which relief may be granted for an unlawful conspiracy in violation of 42 U.S.C. § 1985, abuse of process, and malicious prosecution. Saffady argues that, as a receiver appointed to protect the Dunns' assets, he was required to file the cross-complaint before the two-year statute of limitations governing malpractice claims expired.

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must determine whether the plaintiffs' factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965). In deciding a Rule 12(b)(6) motion, a district court may properly consider documents that are referred to in the complaint and central to the claim. Armengau v. Cline, 7 Fed. App'x. 336, 344 (6th Cir. 2001) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)). "[C]ourts may also consider public records, matters of which a court may take public notice, and letter decisions of governmental agencies." Id.

### III.

Federal district courts may exercise their equitable powers and appoint receivers over disputed assets in lawsuits over which they otherwise enjoy federal subject matter jurisdiction. Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006).

Federal courts exercise "the traditional, common law powers of equity." Id. "[T]he practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66. "As an officer of the court, the receiver's powers are coextensive with his order of appointment." Capwill, 462 F.3d at 551 (citing 13 *Moore's Federal Practice* ¶¶ 66.02-03 (3d ed.1999)). A district court may issue "a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained." Id. at 551 (citing Barton v. Barbour, 104 U.S. 126, 128 (1881) ("It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be maintained.") "Intentional interference with a receivership in contravention of a district court's blanket stay is punishable by contempt[.]" Id. at 552.

To prove civil contempt, a litigant must show "by clear and convincing evidence" that his adversary "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987) (quoting SEC v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981)). "A court's order must, in all but the most extreme cases, be obeyed, unless the party against whom the order is directed can obtain a stay." In re Carrico, 206 B.R. 447, 454 (S.D. Ohio 1997) (quoting In re Ragar, 3 F.3d 1174, 1180 (8th Cir. 1993)). "The fact that an order is oral and/or not docketed is insignificant as long as there is evidence of knowledge of the order and the contempt proceedings are civil in nature." Id (citing inter alia In re Jaques, 761 F.2d 302, 307 n.3 (6th Cir. 1985)).

8

On December 21, 2005, Judge O'Meara issued the Federal Receiver Order ex parte, appointing Saffady a federal receiver under a blanket stay provision. At a January 19, 2006 hearing requiring the defendants Dunns to show cause why receiver Saffady should not be made a permanent receiver, Judge O'Meara expressed his view that "this order appointing a receiver was improvidently entered." January 19, 2006 Show Cause Hearing Transcript, at 7. Judge O'Meara continued:

> . . . . [T]o the extent that someone might argue that what transpired on November 3rd gave them a judgment on which they could proceed to execute, this Court now vacates that judgment. There's no need for the Counter Defendants, the Dunns, to filed [sic] a Rule 60 motion [for relief from judgment]. There being no judgment, at least at this point, the order appointing a receiver is dissolved, is gone, vacated.
>
> The person who's been acting as a receiver under the order appointing receiver will restore any assets he's placed in trust accounts to the Dunns and do so forthwith and without hesitation. I want to make it clear that this is to happen immediately and cannot and will not be stayed or put off by the filing of any further motions or any attempt at interlocutory appeal. . . . .
>
> I want to make one other thing clear here today. During the pendency of this lawsuit, the Dunns may use their assets for ordinary living expenses, but do nothing else to waste or diminish or transfer those assets so they may not be levied upon if this case ends with a judgment in favor of the Counter Plaintiffs.

Id. at 8-9. Attorney Tindall and Tindall & Company P.C. appeared at the hearing on behalf of Saffady, while Attorney Donnini and Butzel Long[2] appeared on behalf of the Dunns. Id. at 3.

The January 19, 2006 transcript demonstrates that the December 21, 2005 Federal Receiver Order and its blanket stay provision was "dissolved" and "vacated" by Judge O'Meara effective January 19, 2006. Armengau, 7 Fed. App'x. at 344. The fact that Judge

---

[2] Attorneys David DuMouchel and Bill Clifford of Butzel Long also appeared on behalf of the Dunns.

9

O'Meara's dissolution of the Federal Receiver Order was oral on January 19, 2006 is insignificant in that both the plaintiffs and defendants had knowledge of the order. In re Carrico, 206 B.R. at 454. Plaintiffs, as well as the defendants, are bound by Judge O'Meara's oral order vacating the Federal Receiver Order effective January 19, 2006. Id.

It follows that the plaintiffs' claim that the defendants are liable for contempt under the Barton Doctrine for violating the Federal Receiver Order and its blanket stay provision does not state a plausible cause of action because all of the alleged contemptuous behavior occurred after the Federal Receiver Order was vacated by Judge O'Meara on January 19, 2006. See Complaint, ¶¶ 17-18, at 4 (alleging February 2, 2006 misconduct), ¶ 19, at 4 (alleging May 24, 2007 misconduct), ¶ 22, at 5 (alleging Attorney Donnini and Butzel Long "initiated/continued these proceedings in the state court between February 2, 2006 and May 31, 2007[,]") ¶ 30, at 7 (seeking damages for "the period February 2, 2006 through May 31, 2007"). Plaintiffs' claim for declaratory and injunctive relief based on these same post-January 19, 2006 actions also fails to state a plausible claim that the defendants' post-January 19, 2006 conduct was "illegal, invalid and a violation of federal law and the 'blanket stay'[.]" See Complaint, ¶¶ 32-34, at 7-8. Plaintiffs' claim of an unlawful conspiracy actionable under 42 U.S.C. § 1985 likewise fails to allege a plausible claim as Saffady had no continuing authority as a federal officer after January 19, 2006. See Complaint, at ¶¶ 39-40, at 9 (alleging that "Plaintiffs are officers of and appointed by Order of the U.S. District Court to carry out the duties of Receiver and Counsel respectively," and that "[from and after February 2, 2006, Defendants and each of them did conspire to prevent, hinder, interfere, and obstruct Plaintiffs in the performance of their official and appointed duties[.]" See Diulus v. Churchhill Valley Country Club, 601 F.Supp.

677, 680-681 (W.D. Pa. 1985) (recognizing that § 1985 involves three types of claims: interference with a federal officer; intimidation of parties, jurors, or witnesses in federal court proceedings; and class-based animus in denial of equal protection).

Plaintiffs' argument that Judge O'Meara lacked authority to set aside the Federal Receiver Order is not persuasive. The Sixth Circuit majority in In re Saffady recognized Judge O'Meara's "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." In re Saffady, 524 F.3d at 803. No final judgment was entered in Case No. 04-75061. Id. at 803. Contrary to plaintiffs' argument, a majority of the court held that the order vacating the Federal Receiver Order was "interlocutory in nature and not made appealable under any exception to the final-judgment rule." Id at 804 (quoting Warren v. Bergeron, 831 F.2d 101, 102 (5th Cir. 1987)). Given Judge O'Meara's admonition that his January 19, 2006 order vacating Saffady's receivership "cannot and will not be stayed," the parties were required to acknowledge and obey his order dissolving the receivership. In re Carrico, 206 B.R. at 454. Plaintiffs argument that the enforceability of the Federal Receiver Order is a question of Michigan law is not well taken, as the Order was entered pursuant to "the traditional, common law powers of equity" practiced in federal courts. Capwill, 462 F.3d at 551; Fed. R. Civ. P. 66. Although the defendants were on notice that the December 21, 2005 Federal Receiver Order contained a blanket injunction, plaintiffs were on notice as of January 19, 2006 that the December 21, 2005 Federal Receiver Order was vacated, and no longer of any force or effect. Saffady's powers over the res ended on January 19,2006 when Judge O'Meara vacated the receivership and ordered Saffady to immediately return the previously seized property to the Dunns. Capwill, 462 F.3d at 551. Plaintiffs' argument that Judge O'Meara's

rulings from the bench on January 19, 2006 first took effect, if ever, on entry of the written February 14, 2006 Order is without merit.  In re Carrico, 206 B.R. at 454.

Construing the factual allegations in the complaint as true, plaintiffs have not presented plausible claims of a right to relief pursuant to the Barton Doctrine, for declaratory or injunctive relief declaring that the defendants violated the Federal Receiver Order, or for a conspiracy actionable under 42 U.S.C. § 1985.  Bell Atlantic, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Armengau, 7 Fed. App'x. at 344. Defendants are entitled to dismissal of the plaintiffs' federal claims alleged in Counts I through III as a matter of law.  Id.

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).  Defendants are entitled to dismissal of the plaintiffs' federal claims over which the court had original jurisdiction under 28 U.S.C. §§ 1331.

> "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Id. at 1254-55 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); see also Brandenburg v. Housing Authority of Irvine, 253 F.3d 891, 890 (6th Cir.2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."); Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir.1991) (noting that only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial").

Andonian v. Autoalliance International, Inc., No. 01-CV-73918-DT, 2003 WL 2010745, at *18  (Feb. 25, 2003).  Pursuant to 28 U.S.C. § 1367(c)(3), and consistent with Andonian

and the authority cited therein, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims of abuse of process and malicious prosecution as alleged in Counts IV and V. Counts IV and V will be dismissed without prejudice.

IV.

Plaintiffs' cross-claims, purportedly alleged on behalf of the defendants Dunns, allege claims sounding in malpractice, claims wholly independent of the plaintiffs' claims alleged in the complaint premised on violations of the Federal Receiver Order. Accordingly, the cross-claims present no basis for the exercise of supplemental jurisdiction. See Atlantic Corp. v. United States, 311 F.2d 907, 911 (1st Cir. 1962). Alternatively, assuming the court's authority to exercise supplemental jurisdiction over the cross-claims, the court declines to exercise supplemental jurisdiction in light of the dismissal of plaintiffs' federal claims. Coleman v. Casey County Bd. of Ed., 686 F.2d 428, 430 (6th Cir. 1982); 28 U.S.C. § 1367(c)(3).

V.

For the reasons set forth above, defendants Butzel Long's and George Donnini's motion to dismiss, and defendants Donald and Donna Dunns', David Black's, and Black, Black & Black's motion to dismiss are hereby GRANTED IN PART as to plaintiffs Gregory Saffady's, Tindall & Company P.C.'s, and Michael Tindall's federal claims as alleged in Counts I, II, and III of the complaint: violation of the Barton Doctrine; declaratory and injunctive relief that the defendants violated the Federal Receiver Order or federal law; and conspiracy under 42 U.S.C. § 1985. Counts I, II, and III are hereby DISMISSED with prejudice. The court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims as alleged in Counts IV and V of abuse of process and

malicious prosecution, and declines to exercise supplemental jurisdiction over plaintiffs' cross-complaint. Counts IV and V of the complaint, and plaintiffs' cross-complaint in its entirety, are hereby DISMISSED without prejudice.

SO ORDERED.

Dated: June 26, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 26, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---